Dear Mr. Rodrigue:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment by the Clerk of Court for a sum due through error of the prior clerk. You indicate, in connection with an expropriation suit, funds of $6,070.00 for Kenneth Gabriel and $830 for Alfred Lawson were deposited into the Registry of the Court, and the entire sum was deposited by the former Clerk of Court into one account. Subsequently, in accordance with an order of disbursement, the funds deposited for Gabriel were to be disbursed to intervenors, Francis J. Robichaux, et al. The former clerk withdrew the entire sum and issued a check to Francis J. Robichaux, et al and his attorney. However, of that amount the sum of $830.00, plus interest, was for Lawson, and when there was an order for such payment, funds were no longer available. When reimbursement was requested from the attorney for Robichaux, he maintained that any refund would invalidate his previous work, and that the Clerk's office would be responsible for additional attorney fees incurred due to the mistake in overpayment. The policy issued to the Clerk's office has a $2000 deductible, and in interest of settling the matter, you ask the following question:
 Can you legally pay this claim from the Clerk of Court's Salary Fund; and if not, what would be the proper procedure to resolve the matter.
In answering your question we particularly note that you are asking if you may make this payment, and not asking if you are obligated to make the payment. We answer only with respect to the legality of you making a voluntary payment.
We note that R.S. 13:758 allows the clerks of the judicial district courts to contract for insurance to cover loss or damage from any negligent acts, but you point out that because of the deductible there can be no recovery from the insurance. However, that statute further authorizes each clerk to compromise any suit brought against him, with the concurrence of the judge before whom the matter is pending, and to pay the compromise out of the clerk's salary fund.
Although no suit has yet been filed, it would seem the intent of the statute, along with judicial economy, would allow for a payment from the clerk's salary fund when there has been a demand which is recognized as due and owing despite the fact that a suit has not been filed.
Since the suit has not been filed so as to be a matter before a particular judge, it would appear the concurrence of any judge of the district court would satisfy the mandate of the statute that the payment be with the concurrence of the judge.
Therefore, we would conclude that with the concurrence of a district judge you may make the payment demanded from the clerk's salary fund.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0555f